IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNRITH FOSTER, #B36692,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-00612-RJD |
| | ) |
| **ANTHONY WILLS,** | ) |
| **SGT. BEBOUT,** | ) |
| **OFFICER JOHN DOE 1,** | ) |
| **SERGEANT JOHN DOE 2,** | ) |
| **ANGELA CRAIN, and** | ) |
| **DOCTOR SIDDIQUE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Kennrith Foster, an inmate in the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims that the defendants failed to recognize his low gallery/low bunk permit and caused him to sustain injuries at Menard Correctional Center (Menard). He seeks money damages. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.[1] Any portion that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-8): During his incarceration at Menard, Plaintiff was issued a low gallery/low bunk permit that expired on

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections and Wexford.

March 15, 2022.  *Id*. at 7.  When Officer John Doe 1[2] informed him of an impending move to North 2-744 on January 7, 2022, Plaintiff showed the officer his permit.  Officer Doe 1 contacted Sergeant Bebout, and the sergeant issued him a direct order to move upstairs anyway.  As he carried his property upstairs, Plaintiff's knee gave out, and he was rushed to a nearby hospital for treatment.  *Id*.

When he returned to the prison later that day, Plaintiff was again ordered to move upstairs to North 2-744.  He wrote an emergency grievance to the warden.  A week later, Warden Wills agreed that Plaintiff's grievance presented an emergency, but took no action to rectify the situation.  Warden Wills instead forwarded the decision to a grievance officer on January 18, 2022.  The Grievance Officer reviewed the emergency grievance and renewed the low gallery/low bunk permit on February 10, 2022, even while the original permit was still in effect.  This was because Dr. Siddique and Angela Crain failed to update the computer records to reflect issuance of the original permit.  Plaintiff was not moved to a low gallery for another two weeks.  While housed on the upper level, he skipped recreation and meals to avoid further injury.  *Id*.

On February 24, 2022, Plaintiff finally moved to a low gallery, where he was assigned to a "high aggressi[on]" cellhouse.  *Id*.  When he arrived, Plaintiff immediately showed his permit to Sergeant John Doe 2.[3]  Typically, staff accompany inmates to new cells to ensure that there is no conflict in housing inmates together.  Sergeant Doe 2 ordered Plaintiff to go to his cell alone.  Plaintiff soon learned that his cellmate had a low gallery/low bunk permit.  When he informed Sergeant Doe 2, the sergeant threatened him with segregation for refusing housing.  *Id*. at 8.  In fear of punishment, Plaintiff returned to his cell and slept on the floor to avoid further injury.  *Id*.

---

[2] Officer John Doe 1 is more specifically described as a correctional officer who was working the 7-3 shift in Menard's North Lowers Cell House on January 7, 2022.  *See* Doc. 1, p. 10.
[3] Sergeant John Doe 2 is more specifically described as the "five day [s]ergeant" working in Menard's West House on February 24, 2022.  *See id*.

While making rounds with Sergeant Doe 2, Warden Wills asked Plaintiff why he chose to sleep on the floor. Plaintiff explained everything to the warden. Warden Wills acknowledged receiving letters, grievances, and family phone calls about the issue, and he promised to look into the matter, but he never did. Plaintiff continued to file letters and grievances but received no response. Plaintiff slept on the floor from February 24, 2022 until his transfer on July 7, 2022.[4] On September 26, 2022, Nurse Practitioner J. Crain met with Plaintiff and promised to send him for physical therapy, but this never occurred. *Id*.

## PRELIMINARY DISMISSALS

Plaintiff refers to a "Grievance Officer"[5] and "Nurse Practitioner J. Crain"[6] in his statement of claim without naming either one as defendants. Federal Rule of Civil Procedure 10(a) requires a plaintiff to name all parties in the case caption of the complaint. Because Plaintiff omitted both individuals from his list of defendants, all claims against them are considered **DISMISSED without prejudice**. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

## DISCUSSION

Based on the allegations, the Court designates the following claims in the Complaint:[7]

Count 1:  Eighth Amendment conditions-of-confinement claim against Defendants for forcing Plaintiff to live in North 2-744 from January 7, 2022 until February 24, 2022, despite having a low gallery/low bunk permit due to a knee injury and his inability to safely traverse the stairs to access meals.

Count 2:  Eighth Amendment conditions-of-confinement claim against Defendants for requiring Plaintiff to live with a cellmate who also had a low bunk permit from February 24, 2022 until July 7, 2022, thereby depriving Plaintiff of access to a bed and forcing him to sleep on the floor to avoid injury.

---

[4] Plaintiff lists his transfer date as July 7, 202**3**, but he filed the complaint before this date. Plaintiff likely meant 202**2**.
[5] This Grievance Officer reviewed Plaintiff's emergency grievance and renewed his permit on February 10, 2022.
[6] Angela Crain and Nurse Practitioner J. Crain appear to be two different people. Plaintiff identifies "Angela Crain" as a defendant, but not "Nurse Practitioner J. Crain."
[7] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Count 3:   Americans with Disabilities Act and/or Rehabilitation Act claim against Defendants for failing to accommodate Plaintiff's physical disability despite his possession of a low gallery/low bunk permit from January 7, 2022 until July 7, 2022.

Count 4:   Fourteenth Amendment claim against Warden Wills for mishandling Plaintiff's grievances from January 7, 2022 until July 7, 2022.

### Counts 1 and 2

The Eighth Amendment requires prison officials to afford inmates the minimal civilized measure of life's necessities, including adequate food, clothing, shelter, and medical care. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). An Eighth Amendment claim arises from exposure to conditions posing a substantial risk of serious harm to the inmate's health or safety and a defendant's deliberate indifference to that risk. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008).

In Count 1, Plaintiff alleges that Officer Doe 1, Sergeant Bebout, and Warden Wills refused to recognize his low gallery/low bunk permit when they required him to live in North 2-744 from January 7, 2022 until February 24, 2022, even after Plaintiff re-injured his knee and could not climb the stairs to access meals. Count 1 shall proceed against Officer Doe 1, Sergeant Bebout, and Warden Wills.

However, Count 1 does not survive screening against any other defendants, including Sergeant Doe 2, Dr. Siddique, or Angela Crain. Sergeant Doe 2 was not involved in any placement decisions during this time period, and Defendant Siddique and Crain were negligent, at most, for failing to update computer records to reflect issuance of the original permit. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (negligence and gross negligence do not satisfy the deliberate indifference standard under the Eighth Amendment). This claim shall be dismissed without prejudice against all three defendants.

In Count 2, Plaintiff alleges that Warden Wills and Sergeant Doe 2 deliberately disregarded his permit when they housed him with an inmate who also possessed a low bunk permit from February 24, 2022 until July 7, 2022, even though both defendants knew that Plaintiff slept on the floor because he could not climb safely onto the top bunk. Count 2 shall proceed against Warden Wills and Sergeant Doe 2. However, this claim shall be dismissed without prejudice against Officer Doe 1, Dr. Siddique, and Angela Crain because they were not involved in this constitutional deprivation.

### Count 3

Count 3 arises under the Americans with Disabilities Act (ADA) and/or Rehabilitation Act (Rehab Act).[8] The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehab Act likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The Rehab Act also requires receipt of federal funds, which all states accept for their prisons. *Cutter v. Wilson*, 544 U.S. 709, 716 n. 4 (2005) (citations omitted). The failure to accommodate a disability constitutes discrimination under both statutes, and the available relief is coextensive. *Jaros v. Ill. Dept. of Corrs.*, 684 F.3d 667, 670 (7th Cir. 2012) (comparing 29 U.S.C. § 794A and 42 U.S.C. § 12117).

Neither claim survives screening. Plaintiff names six individual defendants who failed to accommodate his physical disability at Menard. However, individual employees of the Illinois Department of Corrections are not amenable to suit under the ADA or Rehab Act. *Jaros*, 684 F.3d

---

[8] Plaintiff did not explicitly raise these claims in the Complaint, but a Court presented with a Complaint filed by a *pro se* plaintiff must "analyze [the] litigant's claims and not just legal theories that he propounds." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010).

at 670 (citations omitted). Plaintiff did not name the proper defendants for an ADA or Rehab claim or mention these statutes. Accordingly, Count 3 shall be dismissed with prejudice against all individual defendants.

### Count 4

Count 4 stems from Warden Wills' mishandling of Plaintiff's grievances. A state prison's grievance procedures do not give rise to a liberty interest protected by the Fourteenth Amendment Due Process Clause. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, so the failure of a state prison official to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). This claim shall therefore be dismissed with prejudice against the warden and all other defendants for failure to state a claim upon which relief may be granted.

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Counts 1 and 2 survive screening against defendants who are not yet identified (among others): Officer John Doe 1 (Count 1) and Sergeant John Doe 2 (Count 2). However, these defendants must be identified with particularity, so the lawsuit can be served on them. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The current Warden of Menard Correctional Center, Anthony Wills, is already named as a defendant in his individual capacity; he shall also be named in his official capacity for purposes of responding to discovery aimed at identifying both unknown defendants. Once the names of these defendants are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and Complaint.

**DISPOSITION**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A.  **COUNT 1** shall proceed against **ANTHONY WILLS, SGT. BEBOUT,** and **OFFICER JOHN DOE 1**, and **COUNT 2** shall proceed against **ANTHONY WILLS** and **SERGEANT JOHN DOE 2**, in their individual capacities.  **COUNTS 1** and **2** are **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS**, and **COUNTS 3** and **4** are **DISMISSED** with prejudice against **ALL DEFENDANTS**, in their individual capacities.

**IT IS ORDERED** that Defendants **ANGELA CRAIN** and **DOCTOR SIDDIQUE** are **DISMISSED** without prejudice because the Complaint states no claim against them.

**The Clerk's Office is DIRECTED to ADD ANTHONY WILLS in his official capacity (in addition to his individual capacity) and TERMINATE ANGELA CRAIN and DOCTOR SIDDIQUE as parties in CM/ECF.**

The Clerk shall prepare for **ANTHONY WILLS, SGT. BEBOUT, OFFICER JOHN DOE 1** (once identified), and **SERGEANT JOHN DOE 2** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants should only respond to the issues stated herein.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/6/2023**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.